UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KISCHE USA LLC, a Washington limited liability company,<br><br>                      Plaintiff,<br><br>V.<br><br>ALI SIMSEK and JANE DOE SIMSEK, husband and wife, and the marital community composed thereof; DIANE WALKER and JOHN DOE WALKER, husband and wife, and the marital community composed thereof; JD STELLAR LLC, a Washington limited liability company; and KEVIN COSTANZA and JANE DOE COSTANZA, husband and wife, and the marital community composed thereof;<br><br>                      Defendants. | No.<br><br>**VERIFIED COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff KISCHE USA LLC, by and through its attorney of record, Dubs A. T. Herschlip of Dubs Ari Tanner Herschlip, PLLC, and submits the following complaint for damages and equitable relief against Defendants ALI SIMSEK and JANE DOE SIMSEK, husband and wife, and the marital community composed thereof; DIANE WALKER and JOHN DOE WALKER, husband and wife, and the marital community composed thereof; JD STELLAR LLC, a Washington limited liability company; and KEVIN COSTANZA and

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

JANE DOE COSTANZA, husband and wife, and the marital community composed thereof; as more fully set forth below:

## I.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues, counts, claims and allegations contained within this Complaint or to be pleaded in the future, if necessary.

## II.   JURISDICTION AND VENUE

2.1      This action is brought under § 43 of the Lanham Act, 15 U.S.C. § 1125(a) for Unfair Competition and False Description, under the Civil Racketeer Influenced and Corrupt Organizations Act (RICO) codified under 18 U.S.C. §1964, and under various other Washington common law doctrines and/or statutes including Passing Off, Trade Secret Misappropriation, Conversion, Breach of Fiduciary Duty, Breach of Contract, Injury to Business Reputation, Intentional Interference with Contractual Relations, Business Opportunity Fraud Act under § 19.110 RCW and Uniform Trade Secrets Act under § 19.108 RCW.

2.2      This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

2.3      This action is also brought for Attorney Malpractice against Defendant KEVIN COSTANZA under the theories of negligence, breach of fiduciary duty, and breach of contract.

2.4      Plaintiff's claims brought under Washington law are so related to Plaintiff's federal claims, over which this Court has original jurisdiction, that they form part of the same case or controversy.  Under Article III of the United States Constitution, this Court has supplemental jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

2.5      Venue is proper under 28 U.S.C. §§ 1391(a) because all of the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and under

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendants maintain their residence, domicile and principal place of business in this district.

### III.   PARTIES

3.1     Defendant, ALI SIMSEK, is a competent adult, and at all relevant times, is and was a resident of Washington State.  ALI SIMSEK was employed by and last served as the manager of Plaintiff KISCHE USA LLC.  ALI SIMSEK participated in each of the wrongful acts, omissions and conduct described below and/or had actual and/or constructive notice of the wrongful acts, omissions and conduct perpetrated upon Plaintiff, as set forth below.  At all times, ALI SIMSEK had both the authority and duty to prevent and correct the same, and by his conduct condoned, supported and ratified such wrongful acts, omissions and/or conduct described herein.

3.2     Defendants, ALI SIMSEK and JANE DOE SIMSEK, are husband and wife and form a marital community under the laws of the State of Washington. All acts by either were done on behalf of and in furtherance of their marital community.

3.3     Defendant, DIANE WALKER, is a competent adult, and at all relevant times, is and was a resident of Washington State.  DIANE WALKER was employed by Plaintiff KISCHE USA LLC.  DIANE WALKER participated in each of the wrongful acts, omissions and conduct described below and/or had actual and/or constructive notice of the wrongful acts, omissions and conduct perpetrated upon Plaintiff, as set forth below.  At all times, DIANE WALKER had both the authority and duty to prevent and correct the same, and by his conduct condoned, supported and ratified such wrongful acts, omissions and/or conduct described herein.

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
827-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

3.4     Defendants, DIANE WALKER and JOHN DOE WALKER, are wife and husband and form a marital community under the laws of the State of Washington. All acts by either were done on behalf of and in furtherance of their marital community.

3.5     Defendant, JD STELLAR LLC, (herein referred to as "JD STELLAR") at all relevant times was a limited liability company organized under the laws of the state of Washington in the business of counterfeiting, smuggling and taking the property of KISCHE USA LLC. ALI SIMSEK and/or DIANE WALKER at all relevant times maintained ownership and/or control over, and/or managed JD STELLER and are controlling officers of JD STELLAR, and derived a monetary profit from or had a financial interest in JD STELLAR.

3.6     Defendant, KEVIN COSTANZA, is a competent adult, and at all relevant times, is and was a resident of Washington State. KEVIN COSTANZA served as legal counsel for Plaintiff KISCHE USA LLC. KEVIN COSTANZA participated in some of the wrongful acts, omissions and conduct described below and/or had actual and/or constructive notice of the wrongful acts, omissions and conduct perpetrated upon Plaintiff, as set forth below. At all times, KEVIN COSTANZA had both the authority and duty to prevent and correct the same, and by his conduct condoned, supported and ratified such wrongful acts, omissions and/or conduct described herein.

3.7     Defendants, KEVIN COSTANZA and JANE DOE COSTANZA, are husband and wife and form a marital community under the laws of the State of Washington. All acts by either were done on behalf of and in furtherance of their marital community.

3.8     Plaintiff KISCHE USA LLC (herein referred to as "KISCHE") is a limited liability company formed under the laws of Washington with its principal place of business in this Western District of Washington.

### IV. FACTUAL ALLEGATIONS

4.1     Plaintiff hereby alleges and incorporates paragraphs 1.1 through 3.8 herein.

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

4.2    ALI SIMSEK and DIANE WALKER have committed the following crimes of racketeering under the Racketeer Influenced and Corrupt Organizations Act (RICO) codified under 18 U.S.C. §§1961-1968: counterfeiting, theft from interstate shipments, embezzlement, interference with commerce, and international and interstate transportation of stolen property. ALI SIMSEK and DIANE WALKER have sold for a profit stolen clothing, designs and marks of their prior employer, KISCHE USA LLC (hereinafter "KISCHE"). This stolen apparel was transported from international manufactures through customs and into the United States and was sold so as to appear as the brand and mark of his former employer, KISCHE. ALI SIMSEK embezzled money from his former employer by taking money which he did not earn, stealing apparel, designs and marks and using the money and stolen goods to start up an identical business, JD STELLAR to confuse and deceive customers into believing that the clothing was KISCHE clothing.

4.3    ALI SIMSEK and DIANE WALKER have committed the crime of Trafficking in counterfeit goods or services under 18 U.S.C. §2320. Ali purposefully and knowingly shipped internationally stolen apparel, designs and marks into the United States.

4.4    ALI SIMSEK and DIANE WALKER have committed the crime of making a false claim to U.S. Customs and Border Patrol Officers upon importing stolen goods into the United States as codified under the False Claims Act (31 U.S.C. § 3729). Ali purposefully and knowingly shipped internationally stolen apparel, designs and marks into the United States without putting U.S. Government officials on notice of the stolen goods nor making adequate payment for importation thereof.

4.5    ALI SIMSEK and DIANE WALKER have committed the crime of falsification of statements to the United States Government as codified under 18 U.S.C. § 1001. They purposefully and knowingly shipped internationally stolen apparel, designs and marks into the United States without putting U.S. Government officials on notice of the stolen goods nor making adequate payment for importation thereof.

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

4.6     Plaintiff, MEHMET UYSAL is a successful entrepreneur and businessman from Turkey and the owner and primary member of KISCHE, a women's clothing importer. KISCHE, a Washington limited liability company since April 24, 2007, imports fashions from producers in Turkey and sold to prominent retailers in the U.S., including Nordstrom, T.J. Maxx, and others.

4.7     Mr. Uysal was careful to protect KISCHE's intellectual property; on April 9, 2007, (prior to forming Kische USA LLC) Mr. Uysal registered the domain name "kische.com." On October 4, 2007, Kische registered the trademark "Kische." On May 17, 2011, Kische registered the trademark "Marseille."

4.8     Mr. Uysal hired Defendant Ali Simsek to serve as "Chief Executive Manager" of Kische sometime after the company was formed.

4.9     A notarized operating agreement was signed by the Defendant, Ali Simsek and the Plaintiff, Mr. Uysal on February 8, 2010. See Exhibit 1, the Operating Agreement provided in pertinent part:

By Ali J. Simsek, Chief executive Manager

KING COUNTY

SS:

WA

Subscribed and sworn to before me, on this 8th day of February 2010, by Ali J. Simsek, who proved to me on the basis of satisfactory evidence to be the individual who appeared before me, and who executed the foregoing instrument and acknowledged that he executed the same.

NOTARY PUBLIC

Notary Public
State of Washington
MICHELLE YEH
MY COMMISSION EXPIRES
December 02, 2013

4.10     The operating agreement defined, among other things, the role that ALI SIMSEK was to take as the Chief Executive Manager. In relevant part, section 4.2 states,

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

"[t]he Chief Executive Manager shall not employ the Company's funds, property and other assets except for the exclusive benefit of the Company, [or] attempt to obtain an advantage in the Company's affairs by engaging in any form of misconduct, misrepresentation, concealment or threats."

4.11    In addition, section 4.3 specifies a list of limitations upon the authority of ALI SIMSEK as the Chief Executive Manager, for which there must be "prior written approval by the members, including: "[a]ny act, transaction, or occurrence <u>not</u> in the course of the Company's ordinary business…." See Exhibit 1 which provides in part:

> "4.2    Duties of Chief Executive Manager.
> Subject to seeking the Initial Member's prior written approval for certain transactions set forth at 4.3. hereinbelow, which approval the Initial Member may or may not grant, the Chief Executive Manager in the exercise of his management powers, shall run the day to day business of the Company."

4.12    Further, ALI SIMSEK while employed by KISCHE, registered JD STELLAR and worked there seeking gainful employment in a directly competitive business of women's fashion, in direct contradiction to the clause in the operating agreement under 4.2.1 "Full time duty" See Exhibit 1 which provides in part:

> "4.2.1 <u>Full time duty</u>. The Chief Executive Manager shall work full time and exclusively for the Company. The Chief Executive Manager shall not maintain any outside occupations, shall not have directly or indirectly any interest in any other business the shares of which are not quoted in public stock exchange, and shall not engage in any other endeavors except charitable endeavors which in the Members' exclusive discretion do not substantially interfere with the carrying-out of the Chief Executive Manager's duties and responsibilities at the Company"

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

4.13    On or about December 23, 2008, KISCHE registered a trademark "KISCHE" with the USPTO, serial number 86145258 (hereinafter referred to as the "'258 MARK) with a commercial classification in women's apparel, specifically, "clothing, brassieres, corsets, dressing gowns...skirts...sweaters." See Exhibit 2, which provides in part:

# KISCHE

| | |
|---|---|
| **Word Mark** | KISCHE |
| **Goods and Services** | IC 025. US 022 039. G & S: aprons, bandanas, beach shoes, belts, berets, bodices, boots for sports, braces for clothing, brassieres, breeches for wear, camisoles, chemisettes, coats, collars, collar protectors, combinations, corselets, corsets, dressing gowns, footwear, fur stoles, garters, gloves, gowns, half-boots, hats, hosiery, jerseys, jumpers, mantillas, mittens, muffs, neckties, pants, pelerines, petticoats, pullovers, pyjamas, scarves, shawls, shirts, shoes, shower caps, singlets, skirts, sleep masks, slippers, slips, socks, sports jerseys, stockings, suits, sun visors, suspenders, sweaters, swimsuits, tee-shirts, tights, top hats, topcoats, trouser, turbans, underpants, underwear, vests. FIRST USE: 20070000. FIRST USE IN COMMERCE: 20070000 |
| **Owner** | (REGISTRANT) **Kische** USA LLC LIMITED LIABILITY COMPANY WASHINGTON 18538 142nd Avenue NE Seattle WASHINGTON 98072 |
| **Attorney of Record** | Kevin S. Costanza |
| **Prior Registrations** | 3550395 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

4.14    On or about September 14, 2010, KISCHE registered a trademark "Marseille" with the USPTO, serial number 85129374 (hereinafter referred to as the "'374 MARK") with a commercial classification in women's apparel, specifically, "women's tops...dresses...skirts...." See Exhibit 3, which provides in part:



| | |
|---|---|
| **Word Mark** | MARSEILLE |
| **Goods and Services** | IC 025. US 022 039. G & S: Capri pants; Cargo pants; Dresses; Evening dresses; Gloves for apparel; Halter tops; Knit dresses; Knit tops; Leather pants; Leather shirts; Leather skirts; Leotards and tights for women, men and children of nylon, cotton or other textile fibers; Men's and women's jackets, coats, trousers, vests; Men's suits, women's suits; Shirts; Skirts and dresses; Tank tops; Tube tops; Women's tops, namely, camis; Woven bottoms; Woven dresses; Woven skirts; Woven tops. FIRST USE: 20100620. FIRST USE IN COMMERCE: 20100810 |

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

| Owner | (REGISTRANT) Kische USA LLC LIMITED LIABILITY COMPANY WASHINGTON 12826 NE 178th Street, Ste. B2 Woodinville WASHINGTON 98072 |
| | (LAST LISTED OWNER) JD STELLAR LLC LIMITED LIABILITY COMPANY WASHINGTON 18538 142nd Avenue NE Woodinville WASHINGTON 98072 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Kevin S. Costanza |
| Description of Mark | The color(s) light gray, dark gray, orange, red, black and white is/are claimed as a feature of the mark. The mark consists of the wording "MARSEILLE" in dark gray overlaying a design element of sunset in light orange, dark orange and gray. To the right is a coastal city scene with lamppost and the sea. A dark gray rectangular border outlines the mark. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

4.15    ALI SIMSEK hired DIANE WALKER to work for KISCHE. He also hired several other employees.

4.16    On October 11, 2013, while still employed by KISCHE, ALI SIMSEK and DIANE WALKER formed JD STELLAR, a Washington limited liability company. According to the Washington Secretary of State, JD STELLAR LLC is governed by ALI JAMES SIMSEK of 3611 232nd St. SE, Bothell WA 98021; and DIANE WALKER of 12006 NE 206th Pl, Apartment B-302, Bothell WA 98011. See Exhibit 4.

Governing Persons

| Title | Name | Address |
|-------|------|---------|
| Manager | SIMSEK , ALI JAMES | 3611 232ND ST SE BOTHELL , WA 98021 |
| Manager | WALKER , DIANE | 12006 NE 206TH PL APT B-302 BOTHELL , WA 98011 |

4.17    On November 27, 2013, while ALI SIMSEK and DIANE WALKER were still employed by KISCHE and receiving salary, as members of JD STELLAR, registered the trademark "Dantelle" with the USPTO with serial number 86131124 (hereinafter referred to the "'124 MARK") with a commercial classification in women's apparel, specifically, "Women's clothing, namely, tops, skirts, dresses and sweaters." See Exhibit 5, which provides in pertinent part:

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

# DANTELLE

| | |
|---|---|
| **Word Mark** | **DANTELLE** |
| **Goods and Services** | IC 025. US 022 039. G & S: Women's clothing, namely, tops, skirts, dresses and sweaters. FIRST USE: 20140210. FIRST USE IN COMMERCE: 20140210 |
| **Owner** | (REGISTRANT) JD Stellar LLC LIMITED LIABILITY COMPANY WASHINGTON 18538 142nd Avenue NE Woodinville WASHINGTON 98072 |
| **Attorney of Record** | Kevin S. Costanza |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

4.18    On November 27, 2013, while ALI SIMSEK and DIANE WALKER were still employed by KISCHE and receiving salary, as members of JD STELLAR, registered the trademark "Dantelle" with the USPTO with serial number 86131124 (hereinafter referred to the "'124 MARK") with a commercial classification in women's apparel, specifically, "Women's clothing, namely, tops, skirts, dresses and sweaters." See Exhibit 5, which provides in pertinent part:

# DANTELLE

| | |
|---|---|
| **Word Mark** | **DANTELLE** |
| **Goods and Services** | IC 025. US 022 039. G & S: Women's clothing, namely, tops, skirts, dresses and sweaters. FIRST USE: 20140210. FIRST USE IN COMMERCE: 20140210 |
| **Owner** | (REGISTRANT) JD Stellar LLC LIMITED LIABILITY COMPANY WASHINGTON 18538 142nd Avenue NE Woodinville WASHINGTON 98072 |
| **Attorney of Record** | Kevin S. Costanza |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

4.19    On March 13, 2014, ALI SIMSEK and DIANE WALKER, while still employed by KISCHE and receiving a salary, using the services of attorney Kevin COSTANZA, assigned KISCHE's '374 MARK trademark to their own company, JD STELLAR LLC. ALI SIMSEK did so without consulting or obtaining written approval from Mr. Uysal as the sole member of KISCHE. Kevin COSTANZA used his status as a registered patent attorney with

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

the USPTO to file the assignment. Mr. COSTANZA did not confer with his client, KISCHE,

before filing the assignment. See Exhibit 6, which provides in pertinent part:

ASSIGNMENT

WHEREAS, Kische USA LLC has adopted and used in its business the

trademark:



which is registered in the United States Patent and Trademark Office under

Registration No. 3,961,455 and which issued May 17, 2011;

WHEREAS, JD Stellar LLC, a limited liability company of the State of

Washington having a place of business at 12826 Northeast 178th Street, Suite B2, Woodinville,

Washington 98072, is desirous of acquiring said trademark and ownership of said registration.

NOW, THEREFORE, TO ALL WHOM IT MAY CONCERN:

Be it known that for and in consideration of One Dollar ($1.00) and other good

and valuable consideration to it paid. the receipt and sufficiency of which are hereby

acknowledged, said Kische USA LLC, by these presents, does sell, assign and transfer unto JD

Stellar LLC the entire right, title and interest in and to said trademark, registration and the

goodwill of the business in connection with which said trademark is used and all claims for

damages by reason of past infringement of the trademark and registration, and the right to sue for

and collect such damages.

3/13/2014
Date

Ali Simsek

4.20    On or about March 15, 2015, ALI SIMSEK terminated his relationship with

KISCHE.

4.21    ALI SIMSEK and DIANE WALKER continued to operate their own business

JD STELLAR by purchasing, shipping, importing and distributing identical apparel and goods

that were being sold by KISCHE.

4.22    ALI SIMSEK and DIANE WALKER operated JD STELLAR while employed

by, earning a salary from, and while acting as a trusted fiduciary for KISCHE. Upon further

information and belief, after learning of the supply chain and business relationships involved

in KISCHE's business, it is believed that ALI SIMSEK began to purposefully dissuade

KISCHE's then-current customers from purchasing from KISCHE by relaying inaccurate or

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

false information about the KISCHE's brands to customer's purchasing agents, which resulted in lost contracts and business for KISCHE. After setting up JD STELLAR, and while still employed by KISCHE, ALI SIMSEK and DIANE WALKER purposefully delayed payments to clothing manufacturers in order to tarnish the reputation of KISCHE. It is believed that ALI SIMSEK and DIANE WALKER, through purposeful tarnishment of reputation and standing diverted the retailers and supply lines from conducting business with KISCHE brands to JD STELLAR and its brands while gainfully employed as a fiduciary of KISCHE.

4.23    Around the time of termination from KISCHE, ALI SIMSEK and DIANE WALKER without permission, stole equipment, furniture, computers, servers, cameras, and thousands of pieces of clothing among other items of value. Also around this time of termination, ALI SIMSEK and DIANE WALKER made payments on behalf of KISCHE to JD STELLAR in an amount exceeding $20,000 USD for unknown reasons without approval from the sole member of KISCHE.

4.24    Around the time of termination from KISCHE, ALI SIMSEK and DIANE WALKER stole the clothing designs from KISCHE and began selling them under their own entity, JD STELLAR and its different brand names "DANTELLE" and "MARSEILLE".

## V.  COUNT 1: UNFAIR COMPETITION UNDER LANHAM ACT § 43

5.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 4.23 herein.

5.2    Defendants stole clothing designs belonging to KISCHE and sold clothing with identical designs under the different brands of "DANTELLE" and "MARSEILLE".

5.3    Defendants use of KISCHE's marks to promote, market or sell its products or services in direct competition with KISCHE's products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of KISCHE's brand, clothing design, likeness, and marks is likely to cause confusion, mistake and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

KISCHE, and is causing irreparable harm to KISCHE for which there is no adequate remedy at law.

    5.4    As a proximate result of the Defendant's actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## VI. COUNT 2: FALSE DESCRIPTION

    6.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 5.4 herein.

    6.2    Defendants' wrongful use of KISCHE's marks by blatantly converting and copying KISCHE's trademark in the clothing and apparel industry, which is a direct consumer product is highly likely to cause mistake of fact as to the affiliation, connection or association of KISCHE's brands and is just as likely to confuse and cause consumers to mistake the origin, sponsorship or approval by KISCHE of the Defendants' products.

    6.3    KISCHE avers that Defendants' use of the marks "Kische", "Marseille" and "Dantelle" comprises a false description or representation of Defendants' business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

    6.4    As a proximate result of the Defendants actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## VII. COUNT 3: COMMON LAW PASSING OFF

7.1 Plaintiff hereby alleges and incorporates paragraphs 1.1 through 6.4 herein.

7.2 Defendant's stole clothing designs belonging to KISCHE and sold the clothing with identical designs under a different brand "DANTELLE" and "MARSEILLE".

7.3 KISCHE alleges that Defendant's wrongful use of KISCHE's trademarks and brand causes injury to and creates a likelihood of injury to KISCHE's brand by selling similar if not identical products through another name in an attempt to deceive and mislead customers into believing the JD STELLAR brand was KISCHE's brand. KISCHE's brand and goodwill with customers was taken by JD STELLAR when the public was

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

deceived by identical or very similar products were sold to the same manufacturing, shipping, wholesale and retail channels.

7.4 As a proximate result of the Defendant's actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## VIII.   COUNT 4: COMMON LAW MISAPPROPRIATION OF TRADE SECRET INFORMATION

8.1   Plaintiff hereby alleges and incorporates paragraphs 1.1 through 7.4 herein.

8.2   Numerous trade secrets were shared with Defendants through the course of their employment at KISCHE. KISCHE, through use of both employment contract and other brand markings on documents and files made it clear that these trade secrets were to be kept secret and held closely to the business. Some of these trade secrets include names of business clients, customers, suppliers, businesses, affiliates, or others associated with the specific supply chain for the clothing and apparel industry. Also included in trade secrets were KISCHE's manufacturing methods, clothing designs, clothing design patterns, fabrication, dying and stitching techniques as well. Further, the trade secret information also included the associated phone numbers, addresses, email addresses, and other contact information including event schedules, contracts, quotes, pricing, margins, and other business information for each individual business contact.

8.3   The aforementioned trade secret information, among others, was misappropriated by Defendants from KISCHE and taken for the immediate use and profit for JD STELLAR. Defendants capitalized on this trade secret information to persuade those particular clients, supply lines, distributors and manufactures to switch brands from KISCHE to JD STELLAR.

8.4   As a proximate result of the Defendant's actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## IX. COUNT 5: COMMON LAW INJURY TO BUSINESS REPUTATION

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

9.1     Plaintiff hereby alleges and incorporates paragraphs 1.1 through 8.4 herein.

9.2     KISCHE alleges that Defendants' wrongful use of KISCHE's trademarks causes injures to and creates a likelihood of injury to KISCHE's business reputation because persons encountering KISCHE and its brands and services will believe that KISCHE is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of its products and the nature of its business will injure the business reputation of KISCHE and the goodwill that it enjoys in connection with its marks.

9.3     As a proximate result of the Defendant's actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## X.  COUNT 6: COMMON LAW BREACH OF CONTRACT

10.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 9.3 herein.

10.2    Plaintiff and Defendant ALI SIMSEK formed a contract for employment whereby KISCHE hired Defendant, ALI SIMSEK, as an employee.

10.3    Defendant ALI SIMSEK breached that contract for many reasons, some of which include: not employing KISCHE's property assets for the exclusive benefit of KISCHE, for not working exclusively for KISCHE and for not receiving prior written approval to sell or acquire brand assets which is not in the ordinary course of business.

10.4    As a proximate result of the Defendant's actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## XI. COUNT 7: COMMON LAW BREACH OF FIDUCIARY DUTIES

11.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 10.4 herein.

11.2    The Defendant, ALI SIMSEK, had a duty of loyalty to KISCHE. The Defendant was employed by KISCHE as a Manager and had a fiduciary duty of loyalty to the company to conduct themselves in the best interests of the company.

11.3    Defendant breached his duty of loyalty by self-dealing. Defendant registered the

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
827-5™ ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

mark "Dantelle", a line of business in direct competition with KISCHE brands, under the name of Defendant's personal business, JD STELLAR, while still employed by KISCHE.

11.4     The Defendant, ALI SIMSEK, had a duty of Good Faith as the Chief Executive Manager of KISCHE.

11.5     The Defendant breached this duty of Good Faith in not providing notice to Plaintiff of registering a competitive trademark, "Dantelle", assigning the trademark, "Marseille" to his own company, JD STELLAR, a competitor, and copying the design, style, and appearance of KISCHE apparel in Defendant's own business, JD STELLAR.

11.6     Defendant had a duty of care to KISCHE. Defendant was put in a position of authority to make decisions on behalf of KISCHE which carries with it a fiduciary duty of care to make business decisions which a reasonably prudent business person would.

11.7     Defendant breached that duty of care by selling a profitable brand "Marseille" for $1.00. The KISCHE brand "Marseille" was sold to Defendant's personal company, JD STELLAR, for $1.00 at a time when the value of the "Marseille" brand was worth considerably more, and no reasonably prudent business person would have made such decision.

11.8     As a proximate result of the Defendant's actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

## XII.     COUNT 8: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

12.1     Plaintiff hereby alleges and incorporates paragraphs 1.1 through 11.8 herein.

12.2     At the time of the conduct at issue, KISCHE had a business relationship and expectancy with many major retail apparel stores, such as T.J. Maxx and Nordstrom, with a probability of future economic benefit for KISCHE.

12.3     Defendants ALI SIMSEK and DIANE WALKER knew of the existence of that business relationship and expectancy from their employment with KISCHE.

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

12.4    Defendants intentionally induced or caused the termination of the business relationship or expectancy when they spoke disparagingly about KISCHE behind closed doors with apparel store and supply line company management.

12.5    Defendants' interference was for an improper purpose to divert sales and profit from KISCHE to their own business, JD STELLAR, while Defendant was employed by KISCHE.

12.6    As a proximate result of the Defendants' actions and/or failure to act, Plaintiff has suffered damages in an amount to be proven at trial.

### XIII.   COUNT 9: COMMON LAW CONVERSION OF TRADEMARK AND/OR BRAND

13.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 12.6 herein.

13.2    The Defendants assigned the '374 MARK for "Marseille" from KISCHE to JD STELLAR without permission or authority to do so by Plaintiff.

13.3    The Defendant's actions of unauthorized conversion of KISCHE's Property and unauthorized assignment of the '374 MARK to KISCHE's competitor, JD STELLAR, have caused injury to the Plaintiff in its business and property.

13.4    As proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise; all in an amount to be proven at trial.

### XIV.   COUNT 10: WASHINGTON STATE BUSINESS OPPORTUNITY FRAUD ACT UNDER 19.110 RCW

14.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 13.4 herein.

14.2    The Defendants' actions to make sale and assignment of at least '374 MARK to a separate entity have committed fraud on Plaintiff for not disclosing nor seeking approval for the sale of important business assets such as one or more trademark registration. The Defendants' nondisclosure of one or more sales amounts to fraud on the Plaintiff because the failure to notify caused KISCHE to sell at least one of its brand names.

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

14.3   As proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise; all in an amount to be proven at trial.

### XV.   COUNT 11: WASHINGTON STATE UNIFORM TRADE SECRET ACT UNDER 19.108 RCW

15.1   Plaintiff hereby alleges and incorporates paragraphs 1.1 through 14.3 herein.

15.2   Numerous trade secrets were shared with Defendants through the course of their employment at KISCHE. KISCHE, through use of both an employment contract and other brand markings on documents and files made it clear that these trade secrets were to be kept secret. Some of these trade secrets include names of business clients, customers, suppliers, businesses, affiliates, or others associated with the specific supply chain for the clothing and apparel industry. Further, the trade secret information also included at least the associated phone numbers, addresses, email addresses, and other contact information including event schedules, contracts, quotes, pricing, margins, and other business information of each of the individual business contact.

15.3   The aforementioned trade secret information, among others, was misappropriated by Defendants from KISCHE and taken for the immediate use and profit for JD STELLAR. Defendants capitalized on this trade secret information to persuade those particular clients, supply lines, distributors and manufactures to switch brands from KISCHE to JD STELLAR.

15.4   As a proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise, all in an amount to be proven at trial.

### XVI.   COUNT 12: CIVIL RACKETEER INFLUCENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. §1964

16.1   Plaintiff hereby alleges and incorporates paragraphs 1.1 through 15.4 herein.

16.2   ALI SIMSEK and DIANE WALKER have sold for a profit stolen clothing, designs and marks of their prior employer, KISCHE. This stolen apparel was transported from

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

international manufactures through customs and into the United States and was sold so as to appear as the brand and mark of his former employer, KISCHE. ALI SIMSEK embezzled money from his former employer by taking money which he did not earn, stealing apparel, designs and marks and using the money and stolen goods to start up an identical business, JD STELLAR to confuse and deceive customers into believing that the clothing was KISCHE clothing.

16.3    As a proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise, all in an amount to be proven at trial.

### XVII.   COUNT 13: ATTORNEY MALPRACTICE - NEGLIGENCE

17.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 16.3 herein.

17.2    Defendant KEVIN COSTANZA has committed Attorney Malpractice through his negligence in the handling of affairs with his client, KISCHE USA LLC, in which he failed to notify or consult with his client before assisting Defendant ALI SIMSEK in converting KISCHE's valuable intellectual property, including the Dantelle trademark, as well as other valuable intellectual property, to Defendant ALI SIMSEK.

17.3    As a direct and proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise, all in an amount to be proven at trial.

### XVIII. COUNT 14: ATTORNEY MALPRACTICE – BREACH OF FIDUCIARY DUTY

18.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 17.3 herein.

18.2    Defendant KEVIN COSTANZA has committed Attorney Malpractice by breaching his fiduciary duty to his client, KISCHE, when he failed to communicate with his client before assisting Defendant ALI SIMSEK in converting KISCHE's valuable intellectual property, including the Dantelle trademark, as well as other valuable intellectual property, to Defendant ALI SIMSEK. Defendant KEVIN COSTANZA also breached his fiduciary duty to his client, KISCHE, when he acted in the interest of one client, Defendant ALI SIMSEK, to the detriment of his client KISCHE.

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

18.3    As a proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise, all in an amount to be proven at trial.

### XIX.   DAMAGES

19.1    Plaintiff hereby alleges and incorporates paragraphs 1.1 through 18.3 herein.

19.2    As a proximate cause of the foregoing, Plaintiff suffered damages allowed by law or otherwise, all in an amount to be proven at trial.

### XX.   CERTIFICATION

I, Mehmet Uysal, declare:

I am the owner and sole member of KISCHE USA LLC, and I have been authorized to make this verification on behalf of KISCHE USA LLC.

I have read the foregoing Verified Complaint ("Complaint"), after having its contents translated to Turkish from English, and have personal knowledge of the contents in paragraphs 1.1 through 19.2. The same is true to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of Washington that the factual allegations in the Complaint are true and correct.

_____
Mehmet Uysal

I, Kelsy Rose Damm _____, a Noter of San Diego, California do hereby certify that Mehmet Uysal appeared before me this day, acknowledged that he is the owner and sole member of KISCHE USA, LLC, and has sworn to and subscribed this Verification in my presence the foregoing.

WITNESS my hand and official seal or stamp, this the 25th day of December, 2015. January, 2016

OFFICIAL SEAL
KELSY ROSE DAMM
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1987417
SAN DIEGO COUNTY
MY COMM. EXP. AUG. 6, 2016

_____
Noter's Signature   Notary public

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

## XXI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mehmet Uysal and KISCHE USA LLC, prays for judgment against the Defendant as follows:

21.1    Compensatory consequential, incidental, and statutory damages including general and special damages, as proven at the time of trial, with re-judgment and post-judgment interest thereon;

21.2    For return of all stolen intellectual property, including trademarks, domain names, confidential business information, trade secret, and any other intellectual property the court deems was converted from the plaintiff;

21.3    For Plaintiff's reasonable attorney fees incurred herein, as allowed by law;

21.4    For Plaintiff's costs and disbursements herein to be taxed;

21.5    That the court issue permanent injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

21.5.1    Imitating, copying or making any other infringing use or infringing distribution of the apparel and/or materials protected by KISCHE's intellectual property or brand;

21.5.2    Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any apparel, item or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the apparel, item or thing protected by KISCHE's intellectual property or brand;

21.5.3    Using any simulation, reproduction, counterfeit, copy or colorable imitation of KISCHE's intellectual property or brand in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale,

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM

import, advertisement, promotion or display of any apparel, item and or thing not authorized by KISCHE;

       21.5.4     Using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any apparel, item or thing has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored or authorized by or for KISCHE, when such is not true in fact;

       21.5.5     Using reproductions, counterfeits, copies or colorable imitations of KISCHE's protected apparel and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting or displaying of any merchandise not authorized or licensed by KISCHE;

       21.5.6     Using any names, logos, or other variations thereof, of any of KISCHE's brands in any of the Defendant's uses in commerce;

       21.5.7     Engaging in any other activity constituting an infringement of any of KISCHE's trademarks or intellectual property; and

       21.5.8     Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs 20.5.1 through 20.5.7.

     21.6    For such other and further relief as the Court deems just and reasonable; and

     21.7    For leave to amend this complaint as justice and equity make appropriate.

Dated this 3rd day of February, 2016.

_Dubs Herschlip_

Dubs A. T. Herschlip, WSBA# 31652
Attorney for Plaintiff, KISCHE USA LLC

VERIFIED COMPLAINT. JURY DEMAND – Pg. 1 of 22

THE LAW OFFICE OF
DUBS ARI TANNER HERSCHLIP PLLC
627-5TH ST, STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
WWW.MUKILTEOLAWFIRM.COM