UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KISCHE USA LLC,

                        Plaintiff,

            v.

ALI SIMSEK, et al.,

                        Defendants.

CASE NO. C16-0168JLR

ORDER GRANTING MOTION
TO AMEND

## I.    INTRODUCTION

Before the court is Plaintiff Kische USA LLC's ("Kische") second motion for

leave to amend its complaint.  (2d MTA (Dkt. # 66).)  The court has reviewed the motion,

Defendants Ali Simsek, Diane Walker, and JD Stellar LLC's ("JD Stellar") (collectively,

"Stellar Defendants") opposition to the motion (Resp. (Dkt. # 68)), Kische's reply (Reply

//

//

//

1    (Dkt. # 69)), the relevant portions of the record, and the applicable law.  Being fully

2    advised,[1] the court GRANTS Kische's motion for the reasons set forth below.

3                            **II.    BACKGROUND**

4           On February 4, 2016, Kische brought this suit against Mr. Simsek, Ms. Walker,

5    attorney Kevin Costanza,[2] their respective marital communities, and JD Stellar. (*See*

6    Compl. (Dkt. # 1) at 1.)  Against Stellar Defendants, Kische originally alleged (1) unfair

7    competition under the Lanham Act; (2) false description under the Lanham Act; (3)

8    common law passing off; (4) common law misappropriation of trade secrets; (5) violation

9    of Washington's Uniform Trade Secrets Act ("UTSA"), RCW ch. 19.108; (6) "common

10   law injury to business reputation"; (7) breach of contract; (8) breach of fiduciary duty; (9)

11   intentional interference with contractual relations; (10) conversion; (11) business

12   opportunity fraud under RCW ch. 19.110; and (12) violation of the federal Racketeer

13   Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.  (*Id.* at

14   12-19.)  Against Mr. Costanza, Kische alleged legal malpractice based on theories of

15   negligence and breach of fiduciary duty.  (*Id.* at 19-20.)

16          All of the initial defendants moved to dismiss the original complaint for failure to

17   state a claim (1st Stellar MTD (Dkt. # 18); 1st Costanza MTD (Dkt. # 28)), and the court

18

19   _____

20   [1] No party requested oral argument, and the court finds that oral argument would not be
     helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

21   [2] The court dismissed Kische's claims against Mr. Costanza with prejudice with the
     exception of Kische's civil conspiracy claim.  (12/13/16 Order (Dkt. # 65) at 43.)  However,
     Kische's proposed amended complaint does not include any claims against Mr. Costanza.  (*See*
22   2/3/17 Filing (Dkt. # 72), Ex. A ("Prop. SAC").)

1    granted in part and denied in part Stellar Defendants' motion to dismiss and granted Mr.

2    Costanza's motion to dismiss (6/29/16 Order (Dkt. # 39)).  Specifically, the court

3    dismissed all of Kische's claims except for breach of contract, breach of fiduciary duty,

4    and tortious interference.  (*Id.* at 18, 22.)  The court's dismissal was without prejudice

5    because the court concluded that "[t]hough Kische has not plausibly pleaded many of its

6    claims, the court cannot say on the record before it that leave to amend would be futile or

7    that any other relevant factors weigh against granting leave to amend." (*Id.* at 31.)

8         Despite already having the court's leave to amend, on July 19, 2016, Kische filed

9    a motion to amend its complaint.  (*See* 1st MTA (Dkt. # 42).)  Kische sought to amend its

10   complaint "with additional claims, case law[,] and facts to substantiate [Kische's] claims

11   against Defendants." (*Id.* at 1.)  Kische argued that "[s]ome facts and law were not

12   originally included in the verified complaint, and, because of this, the [c]ourt was not

13   able to find facts sufficient to support multiple claims as stated." (*Id.* at 2.)  Kische

14   further stated that it knew some of those "new" facts at the time it filed its first complaint,

15   while it became aware of other "new" facts during discovery.  (*Id.*)  Kische also stated

16   that it omitted from its proposed amended complaint "claims for which there may be

17   insufficient corroborating evidence." (*Id.* at 2; *see also id.* at 4 (stating that Kische

18   omitted its RICO claim).)  None of the defendants opposed Kische's first motion for

19   leave to amend.  (Costanza Resp. to 1st MTA (Dkt. # 48); Stellar Resp. to 1st MTA (Dkt.

20   # 51).)

21        The court permitted Kische to file its proposed amended complaint.  (*See* 8/1/16

22   Order (Dkt. # 52); Am. Compl. (Dkt. # 53).)  In its amended complaint, Kische asserted

ORDER - 3

1   12 causes of action—10 against Stellar Defendants and three against Mr. Costanza.  (Am.

2   Compl.)  Against Mr. Costanza, Kische alleged legal malpractice on a negligence theory,

3   breach of fiduciary duty, and civil conspiracy.  (*Id.* ¶¶ 14.1-14.6, 15.1-15.4.)  Against

4   Stellar Defendants, Kische alleged (1) a trademark infringement claim under the Lanham

5   Act; (2) a false advertising claim under the Lanham Act; (3) a trademark dilution claim

6   under the Lanham Act; (4) violation of Washington's Consumer Protection Act ("CPA"),

7   RCW ch. 19.86; (5) breach of contract; (6) breach of fiduciary duty; (7) tortious

8   interference with business relations; (8) conversion; (9) fraud; and (10) civil conspiracy.

9   (*Id.* ¶¶ 5.1-13.10, 15.1-15.4.)

10          All of the defendants then again moved to dismiss Kische's amended complaint,

11   with the exception of the claims that survived Defendants' first motions to dismiss.  (*See*

12   2d Costanza MTD (Dkt. # 54); 2d Stellar MTD (Dkt. # 56).)  The court dismissed

13   without prejudice Kische's claims against Stellar Defendants for trademark infringement

14   of the Marseille and Dantelle marks, false advertising, trademark dilution, violation of the

15   CPA, fraud, and civil conspiracy, but the court declined to dismiss Kische's claims for

16   breach of fiduciary duty and conversion.  (*See* 12/13/16 Order at 43.)  The court also

17   dismissed Kische's claims against Mr. Costanza:  the legal malpractice and breach of

18   fiduciary claims with prejudice, and the civil conspiracy claim without prejudice.  (*Id.* at

19   43-44.)

20          In the second order of dismissal, the court stated that the scope of the court's leave

21   to amend was limited and that "Kische may not add claims" to an amended complaint

22   without first obtaining the court's leave.  (*Id.* at 43.)  The court ordered Kische to file any

1  second amended complaint no later than January 3, 2017.  (*Id.*)

2      Rather than filing a second amended complaint within the scope of the court's

3  December 13, 2016, order, Kische filed a second motion to amend its complaint.  (*See* 2d

4  MTA.)  In doing so, Kische failed to comply with Local Civil Rule 15, which requires a

5  party moving to amend its complaint to "indicate on the proposed amended pleading how

6  it differs from the pleading that it amends by bracketing or striking through the text to be

7  deleted and underlining or highlighting the text to be added."  Local Rules W.D. Wash.

8  LCR 15.  Accordingly, the court ordered Kische to file a proposed amended complaint

9  that complied with Local Civil Rule 15.  (2/3/17 Order (Dkt. # 70).)  Kische filed a

10  proper proposed amended complaint the same day.  (Prop. SAC.)  The court now

11  addresses Kische's second motion to amend.

12                           **III.    ANALYSIS**

13  **A.    Legal Standard**

14      Federal Rule of Civil Procedure 15 (a)(2) requires the court to "freely give" leave

15  to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This policy is

16  "applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d

17  708, 712 (9th Cir. 2001); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186

18  (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  It is within the

19  court's discretion whether to grant or deny leave to amend.  *See Webb*, 655 F.2d at 979.

20  "In exercising this discretion, a court must be guided by the underlying purpose of Rule

21  15 to facilitate a decision on the merits, rather than on the pleadings or technicalities."

22  *Id.*  Accordingly, the court analyzes five factors in ruling on a motion for leave to amend:

1  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

2  amendment, and (5) whether the party has previously amended its pleading. *Allen v. City*

3  *of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see also Foman v. Davis*, 371 U.S.

4  178, 182 (1962). The party opposing the motion to amend bears the burden of showing

5  that leave to amend should be denied. *See Wizards of the Coast LLC v. Cryptozoic*

6  *Entm't LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

7  **B.    Kische's Motion to Amend**

8       Kische seeks leave to further amend its complaint to "include additional" facts and

9  to "clarify existing facts." (2d MTA at 2.) The sole legal authority Kische cites is as

10  follows: "This motion is made pursuant to the [c]ourt's December 13, 2016[,] Order on

11  Motion[s] to Dismiss, and FRCP 15(a)(2), stating that Plaintiff may amend its pleading

12  with the [c]ourt's leave, and that [the c]ourt should freely give leave when justice so

13  requires." (*Id.* at 3.) Kische seeks to add or change certain factual allegations and to

14  allege claims of common law trademark infringement, common law unfair competition,

15  and unjust enrichment. (*See* Prop. SAC.)

16       Stellar Defendants oppose Kische's motion. (*See* Resp. at 2.) Specifically, Stellar

17  Defendants oppose Kische "being granted leave to amend the complaint to include these

18  new causes of action, on the basis that [Kische] was expressly instructed not to include

19  new causes of action in its Second Amended Complaint and the undue time and expense

20  it adds." (*Id.* at 3.) Stellar Defendants argue that "[i]n addition to mischaracterizing this

21  [c]ourt's ruling, [Kische] offers nothing in the way of an explanation as to why it should

22  be granted leave to add new causes of action." (*Id.* at 4.) In opposing Kische's motion,

1   Stellar Defendants do not address the Rule 15 factors.  (*See id.* at 2-5.)  Stellar

2   Defendants also ask that the court "instruct [Kische's] counsel that Defendants will be

3   awarded their attorney's fees for future instances that they are forced to seek dismissal

4   and/or strike new causes of action, as these new causes of action needlessly prolong the

5   litigation and add great expense for Defendants."  (*Id.* at 6.)

6          In short, Stellar Defendants' primary argument against amendment is that the

7   scope of Kische's proposed amendment exceeds the leave the court granted in its

8   December 2016 order.  (*See id.* at 2-5; 12/13/16 Order.)  However, Kische has moved for

9   leave to amend its complaint beyond what the court allowed at that time, and the court

10  now analyzes Kische's motion pursuant to the factors outlined above.[3]

11         1.  <u>Bad Faith</u>

12         Bad faith "implies the conscious doing of a wrong because of dishonest purpose or

13  moral obliquity."  *Wizards of the Coast*, 309 F.R.D. at 651 (internal quotation marks

14  omitted).  In the context of a motion for leave to amend, "bad faith" means acting with

15  intent to deceive, harass, mislead, delay, or disrupt.  *Id.* (citing *Leon v. IDX Sys. Corp.*,

16  464 F.3d 951, 961 (9th Cir. 2006)).  Here, there is no indication—either in the record or

17

18         [3] The court does not consider arguments that a moving party raises for the first time in a
    reply brief.  *See Coos Cty. Bd. of Comm'rs v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir.
19  2008); *Lucas v. Bell Transp.*, 773 F. Supp. 2d 930, 939 n.2 (D. Nev. 2011); *Best Western Int'l,
    Inc. v. AV Inn Assocs. 1, LLC*, No. CV-08-2274-PHX-DGC, 2010 WL 2789895, at *3 (D. Ariz.
20  July 14, 2010) ("Both district courts and the Ninth Circuit have regularly held that arguments
    made for the first time in a reply brief should not be considered.").  The court adheres to this rule
21  because "[a]rguments raised for the first time in reply deprive the opposing party of its chance to
    respond."  *Just Enters., Inc. v. Phillips & Webster, PLLC*, No. C07-1622RSL, 2008 WL 351020,
22  at *3 n.4 (W.D. Wash. Feb. 5, 2008).  Here, in its reply, Kische for the first time articulates
    specific reasons why it should be allowed to amend its complaint to add new claims.  (*See*
    Reply.)  The court declines to consider those arguments.

1    in Stellar Defendants' response—that Kische acted in bad faith by seeking to amend its

2    complaint.  (*See generally* Resp.)  For this reason, the court finds that this factor supports

3    granting Kische leave to amend.

4        2.  Undue Delay

5        "Undue delay" is delay that prejudices the nonmoving party or imposes

6    unwarranted burdens on the court.  *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D.

7    Cal. 2012).  In assessing whether there is undue delay, it is not sufficient merely to ask

8    whether the motion to amend complies with the court's scheduling order.

9    *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

10   Instead, a district court must inquire whether the moving party knew or should have

11   known the facts and theories raised by the amendment at the time of the original

12   pleading, *id.*, although delay alone is not an adequate basis for denying leave to amend,

13   *In re Tracht Gut, LLC*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016).  Whether there has been

14   "undue delay" should be considered in the context of (1) the length of the delay measured

15   from the time the moving party obtained relevant facts; (2) whether discovery has closed;

16   and (3) proximity to the trial date.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99

17   (9th Cir. 1991).

18       To the extent Kische has delayed in amending its complaint with new facts,

19   theories, or claims, the court does not find that delay "undue."  Kische's motion to amend

20   comes before the close of discovery, and trial is still over six months away.  (*See* Sched.

21   Order (Dkt. # 34) at 1.)  In addition, although Stellar Defendants argue that Kische is

22   trying to "take another shot" at asserting a common law unfair competition claim (Resp.

at 5), the record contains no indication that Kische knew of the facts supporting that

claim earlier in this litigation (*see generally id.*; Dkt.).  Indeed, the opposite is likely true

because the court dismissed Kische's unfair competition claim under the Lanham Act

because Kische's factual allegations did not rise above mere speculation.  (6/29/16 Order

at 6-10.)  Further, even if Kische knew or should have known of additional factual

allegations or of its common law trademark infringement, common law unfair

competition, and unjust enrichment claims at the time it filed its original complaint,

Stellar Defendants have not met their burden of showing that any delay in amendment

has unduly prejudiced them.  *See Davis*, 901 F. Supp. 2d at 1212.  For these reasons, this

factor favors allowing amendment.

   3.  Prejudice

   Of the factors a court considers in determining whether leave to amend is

appropriate, "prejudice to the opposing party . . . carries the greatest weight."  *Eminence
Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Prejudice means

"undue difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on

the part of the other party."  *Wizards of the Coast*, 309 F.R.D. at 652.  The non-moving

party must do more than merely assert prejudice; "it must show that it was unfairly

disadvantaged or deprived of the opportunity to present facts or evidence."  *Bechtel v.
Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks omitted); *see also
Davis v. Astrue*, 250 F.R.D. 476, 482 (N.D. Cal. 2008) (finding prejudice where the

plaintiff had "twice previously amended his complaint" because "repeated amendments

to the complaint require the [defendant] to expend time and resources in drafting

1   responses"). The burden is on the party opposing amendment to demonstrate that it will

2   be prejudiced by the proposed amendment. *Leighton*, 833 F.2d at 187.

3          Stellar Defendants oppose allowing Kische to amend its complaint a second time

4   because of "the undue time and expense it adds to what has turned into very lengthy and

5   costly litigation." (Resp. at 3.) Stellar Defendants have filed two motions to dismiss—

6   one to dismiss Kische's original complaint and one to dismiss Kische's first amended

7   complaint. (Stellar Defs. 1st MTD; Stellar Defs. 2d MTD.) Although it may be

8   appropriate for a court to deny leave to amend where a party has repeatedly amended its

9   complaint because the repeated amendments prejudice the defendant, *see Davis*, 250

10  F.R.D. at 482, the court finds that Stellar Defendants have not met their burden of

11  demonstrating prejudice here. First, Stellar Defendants state only that further amendment

12  would add "undue time and expense" to this litigation. (Resp. at 3.) This vague,

13  conclusory statement is insufficient to meet their burden of demonstrating prejudice. *See*

14  *Wizards of the Coast*, 309 F.R.D. at 652. In addition, Kische has previously amended its

15  complaint only once (*see* Am. Compl.), and Stellar Defendants have not shown that

16  amendment would unfairly disadvantage them or deprive them of the opportunity to

17  mount a defense, *see Bechtel*, 886 F.2d at 652. For these reasons, the court finds that

18  Stellar Defendants' claim of prejudice is too tenuous to support denying Kische leave to

19  amend.

20         4. Futility

21         A court may deny leave to amend where amendment will be futile. For purposes

22  of this analysis, an amendment is "futile" if it is clear that the complaint could not be

1    saved by amendment.  *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir.

2    2011).  Specifically, the court must determine whether the deficiencies in the pleadings

3    "can be cured with additional allegations that are 'consistent with the challenged

4    pleading' and that do not contradict the allegations in the original complaint."  *Id.*  "A

5    party should be afforded an opportunity to test his claim on the merits rather than on a

6    motion to amend unless it appears beyond doubt that the proposed amended pleading

7    would be subject to dismissal."  *Mahone v. Pierce Cty.*, No. C10-5847 RLB/KLS, 2011

8    WL 2009740, at *2 (W.D. Wash. May 23, 2011) (citing *Roth v. Garcia Marquez*, 942

9    F.2d 617, 629 (9th Cir. 1991)).

10         Here, Kische seeks to add factual allegations and claims for common law

11   trademark infringement, common law unfair competition, and unjust enrichment to its

12   complaint.  (*See* Prop. SAC.)  Based on the record before it, the court cannot conclude

13   that allowing Kische to amend its complaint in this manner would be futile.  As an initial

14   matter, Stellar Defendants do not argue that Kische's proposed amendment is futile.  (*See*

15   *generally* Resp.)  In addition, Washington law recognizes causes of action for all three

16   claims that Kische seeks to add.  *See Seattle Endeavors, Inc. v. Mastro*, 868 P.2d 120,

17   124-25 (Wash. 1994) (stating the elements of a common law trademark infringement

18   claim); *Univera, Inc. v. Terhune*, No. C09-5227RBL, 2010 WL 3489932, at *6-7 (W.D.

19   Wash. Aug. 31, 2016) (addressing a common law unfair competition claim as a "passing

20   off" claim); *Norcon Builders, LLC v. GMP Homes VG, LLC*, 254 P.3d 835, 844 (Wash.

21   Ct. App. 2011) (listing the elements of an unjust enrichment claim).  Finally, it does not

22   appear that the factual allegations Kische intends to add would undermine any of its

ORDER - 11

1  claims.  Accordingly, the court finds that this factor weighs in favor of granting Kische

2  leave to amend.

3       5.  Previous Amendment

4       The court also considers whether the moving party has had previous opportunities

5  to amend its pleadings.  *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160

6  (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly

7  broad where plaintiff has previously amended the complaint.").  A plaintiff does not

8  enjoy unlimited opportunities to amend its complaint, *McHenry v. Renne*, 84 F.3d 1172,

9  1174 (9th Cir. 1996) (affirming the dismissal of a complaint where the plaintiffs had

10  amended their complaint three times), and the court may deny leave to amend when a

11  party repeatedly fails to cure deficiencies, *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868,

12  896-97 (N.D. Cal. 2015) (denying leave to amend and dismissing with prejudice where

13  the plaintiff failed to cure previous deficiencies in the complaint and additional

14  amendment would require the defendant to "file repeated motions to dismiss").

15       The court finds that this factor counsels slightly in favor of denying Kische leave

16  to amend because the court has already granted Kische an opportunity to amend its

17  complaint and Stellar Defendants have filed two motions to dismiss.  (*See* 8/1/16 Order;

18  1st Stellar MTD; 2d Stellar MTD.)  However, the court finds that this factor alone is not

19  dispositive on the facts of this case.  *See Tyson v. Or. Anesthesiology Grp., P.C.*, No. 03-

20  1192-HA, 2007 WL 1731475, at *4 (D. Or. June 13, 2007) (noting that no one of these

21  five factors is dispositive in ruling on a motion to amend).  Although the court noted in its

22  December 13, 2016, order that it was unlikely to look favorably on Kische seeking to

1    amend its complaint to state entirely new causes of action (12/13/16 Order at 43; *see also*

2    Resp. at 3), the other four factors weigh in favor of granting leave to amend, particularly

3    because Kische has previously amended its complaint only once (*see supra* §§ III.B.1-4;

4    Am. Compl.).

5              For the reasons set forth above, the court grants Kische leave to amend its

6    complaint consistent with its proposed amended complaint.  (*See* 2d MTA; Prop. SAC.)

7    The court denies Stellar Defendants' request that the court award them attorney's fees for

8    any future motions to dismiss or motions to strike allegations or claims.  (Resp. at 6.)

9    The court will entertain such a request if it arises in the context of a future motion.

10   **C.    The Expectations of the Court**

11             Finally, the court reiterates its concern with Kische's conduct in this litigation.

12   (*See, e.g.*, 12/13/16 Order at 43.)  Although the court is bound to apply Rule 15's policy

13   favoring amendment with "extreme liberality," *Owens*, 244 F.3d at 712, and Stellar

14   Defendants did not meet their burden of demonstrating why Kische should be denied

15   leave to amend, *see Wizards of the Coast*, 309 F.R.D. at 649 (stating that the party

16   opposing amendment bears the burden of showing that amendment should be denied), the

17   court will not give Kische unlimited opportunities to add factual allegations and plead

18   new causes of action, *see Ryan*, 147 F. Supp. 3d at 896-97 (denying leave to amend and

19   dismissing with prejudice where the plaintiff failed to cure previous deficiencies in the

20   complaint and defendant would be prejudiced by having to "file repeated motions to

21   dismiss").  Further, the court expects Kische to carefully read and comply with all of the

22   court's orders.  (*See, e.g.*, 12/13/16 Order at 7-8 (stating that filing voluminous exhibits

1   with a complaint is generally improper).)  Finally, the court continues to find that

2   Kische's counsel's standard of practice falls well below that expected of attorneys

3   practicing before this court.  (*See, e.g.*, 6/29/16 Order at 6 n.2 (stating that Kische's

4   response to the first motion to dismiss fell "below the minimum standards for practice in

5   this court").)  For example, in connection with the instant motion alone, Kische failed to

6   provide substantive argument in its opening brief (*see* 2d MTA) and failed to comply

7   with the Local Civil Rules for the Western District of Washington (*see* 2/3/17 Order

8   (directing Kische to file a proposed amended complaint that complies with Local Civil

9   Rule 15)).  The court will consider substantial sanctions in the future, including dismissal

10  of portions of the claims, if Kische's counsel fails to heed the court's orders or to meet

11  the minimum standard of practice in this court.

12                          **IV.    CONCLUSION**

13          For the foregoing reasons, the court GRANTS Kische's motion to amend its

14  complaint (Dkt. # 66) and ORDERS Kische to file and serve its proposed amended

15  complaint (Dkt. # 72, Ex. A).  Kische must file and serve its amended complaint within

16  seven (7) days of the date of this order.

17          Dated this 22nd day of February, 2017.

18

19

20          _____

21          JAMES L. ROBART
            United States District Judge

22