UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KISCHE USA LLC, | CASE NO. C16-0168JLR |
| Plaintiff, | ORDER ON DISCOVERY |
| v. | |
| ALI SIMSEK, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are three discovery-related matters raised by Plaintiff Kische USA LLC ("Kische") and Defendants JD Stellar LLC ("JD Stellar"), Ali Simsek, and Diane Walker (collectively, "Defendants"). (*See* Pl. Statement (Dkt. # 113); Defs. Statement (Dkt. # 112).) The court has reviewed the parties' statements, the relevant portions of the record, and the applicable law. The court also heard from the parties at a discovery conference. (*See* 11/2/17 Min. Entry (Dkt. # 114).) Being fully advised, the court rules as follows.

## II.  BACKGROUND

This case involves allegations that Mr. Simsek and Ms. Walker abused their positions with Kische to misappropriate Kische's assets and form JD Stellar, a competing business.  (*See* SAC (Dkt. # 75); *id.* ¶ 4.4, Ex. 3 ("OA") (Dkt. # 75-1) at 11.)  During the relevant period, Kische—formed by Mehmet Uysal, who resided in Turkey—"engaged in the business of importing high quality and widely known wom[e]n's apparel to the United State[s] since its formation in 2007."  (SAC ¶ 1.1.)  Kische brings claims for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); common law trademark infringement; common law unfair competition; breach of contract; breach of fiduciary duty; tortious interference with business relations; conversion; and unjust enrichment.  (SAC ¶¶ 5.1-12.4.)  On September 6, 2017, the court granted summary judgment in Kische's favor on the duty and breach elements of the contract and fiduciary duty claims against Mr. Simsek.[1]  (*See* 9/6/17 Order (Dkt. # 95).)

On October 31, 2017, the parties identified three discovery-related issues:  (1) Kische's Request for Production No. 1 ("RFP No. 1") to which Defendants object as overly broad, unduly burdensome, and not within the scope of discovery; (2) Defendants' claimed inadvertent disclosure of JD Stellar's business records; and (3) Kische's request to appoint a special master to oversee discovery until the December 11, 2017, cutoff.  (*See* Pl. Statement at 1-2; Defs. Statement at 2-4; *see also* Sched. Order (Dkt. # 78) at 1.)

---

[1] On October 5, 2017, Kische brought a second motion for summary judgment against Defendants on the trademark claims, which the court has not yet ruled on.  (*See* 2d MSJ (Dkt. # 101); *see generally* Dkt.)

The court ordered the parties to appear for an in-court discovery conference on November 2, 2017. (*Id.* at 1-2.) The court now addresses the three issues.

### III. ANALYSIS

**A. RFP No. 1**

Kische's RFP No. 1 requests that Defendants "produce all records, documents . . . and electronically stored information which they received or came to possess in the course of their work for Kische or JD Stellar."[2] (Pl. Statement at 2 (ellipsis in original).) In its statement to the court, Kische further explains that through this request it seeks "accountings, emails, inventories, and electronic data interchange (EDI) records used by retailers, importers, and manufacturers in the fashion industry," "Quickbooks files," the passwords for those files, credit card bills, "sales data," and other records. (*Id.* at 1-2.) Defendants object to RFP No. 1 as unreasonable, overly burdensome, and outside the scope of litigation. (Defs. Statement at 2.) At the discovery conference, Kische's counsel focused on EDI records, Quickbooks files, passwords for those files, and sales data for both Kische and JD Stellar. Accordingly, the court construes the parties' dispute regarding RFP No. 1 as limited to those categories of documents.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.

---

[2] In their statement, Defendants discuss Kische's "request 17 . . . for every 'spec sheet' produced by [JD Stellar] from October 2013 through the present." (Defs. Statement at 2.) However, the court addresses only RFP No. 1 because Kische's counsel stated at the discovery conference Kische was focusing only on that discovery request.

26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The court has "broad discretion to limit" discovery that is not proportional to the needs of the case. *Romero v. Securus Techs., Inc.*, No. 16-cv-1283-JM-MDD, 2017 WL 4621223, at *1 (S.D. Cal. Oct. 16, 2017).

Based on the foregoing standard, the court finds that RFP No. 1 as written and as later narrowed by Kische's counsel is unduly burdensome and not proportional to the needs of the case. Accordingly, Defendants need only produce EDI records,[3] Quickbooks files,[4] passwords for those files, and sales data for JD Stellar if those documents are relevant to the claims that remain at issue in this case: trademark infringement, unfair competition, tortious interference with business relations, conversion, and unjust enrichment.[5] (*See* SAC; 9/6/17 Order (granting summary

---

[3] The court overrules Defendants' objection to production of JD Stellar's EDI as too expensive.

[4] Based on the discovery conference, the court understands that Kische's counsel believes Quickbooks records will address matters such as sales, revenue, and profits, which are relevant to proving damages. To the extent those records do not adequately address matters required to prove damages, other materials may be relevant and proportional.

[5] The court has already ruled in Kische's favor on the duty and breach elements of its breach of contract and fiduciary duty claims against Mr. Simsek. (*See* 9/6/17 Order.) In its order, the court analyzed each of the several theories upon which Kische contended Mr. Simsek violated his contractual and fiduciary duties. (*Id.* at 18-35.) Although the court concluded that Kische had not met its burden of proving all of those theories as a matter of law, Kische has nonetheless prevailed on those elements of those claims against Mr. Simsek. (*Id.* at 36.) Thus,

judgment on the duty and breach elements of breach of contract and fiduciary duty claims).) However, to the extent Defendants have retained any of those materials that belong to Kische—and thus are not JD Stellar's documents—Defendants must return all such property regardless of the cost to do so.

The parties also raise two other issues related to discovery requests. First, Kische contends that certain evidence has been destroyed or is otherwise missing and requests that the court order Defendants to produce it. (Pl. Statement at 2-3.) Kische bases its contention on the following facts and assumptions: (1) forensic computer experts identified some missing or deleted files, (2) Mr. Simsek and Ms. Walker should have certain passwords because of the positions they held at Kische, and (3) because Kische purchased 20 computers in 2012 and Defendants turned over only six computers, another 14 computers must be missing. (*See, e.g.*, *id.*) However, at the conference, the court extensively questioned counsel about the allegedly missing evidence, and Defendants' counsel represented that Defendants do not have any of the missing files or passwords and have produced all Kische computers that Defendants had in their possession. Despite Kische's wishes, the court cannot order Defendants to produce materials that do not exist. Instead, Kische must seek an appropriate remedy for spoliation of evidence. *See, e.g.*, *Apple Inc. v. Samsung Elec. Co., Ltd.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (stating that spoliation occurs when a party "destroys or alters material evidence or fails to preserve" evidence when the party is under a duty to preserve it); *Leon v. IDX Sys. Corp.*,

---

Kische's counsel's statement at the discovery conference that issues remain on the breach of contract and fiduciary claims as to Mr. Simsek is incorrect.

464 F.3d 951, 958 (9th Cir. 2006) ("There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under [Federal Rule of Civil Procedure] 37 against a party who fails to obey an order to provide or permit discovery."). The court therefore grants the parties leave to file appropriate discovery motions no later than November 11, 2017.[6] (*See* Sched. Order at 1-2.) The parties must file any motion in accordance with the Local Civil Rules of the Western District of Washington and set forth the factual basis for the motion and the applicable legal standard.

Second, Defendants state that Kische has requested additional discovery through informal means. (*See* Defs. Statement at 2-3.) Informal discovery requests are inappropriate, and the court orders that all requests be made formally and in accordance with the Federal Rules of Civil Procedure.

**B.  Inadvertent Disclosure**

The next dispute centers on Defendants' allegedly inadvertent production of JD Stellar's business records. (*See* Defs. Statement at 4; Pl. Statement at 3.) On June 16, 2017, Defendants permitted Kische's counsel to pick up approximately 100 boxes of Kische's business records that Defendants and their counsel had boxed and sealed. (*See* Defs. Statement at 4; Pl. Statement at 3.) In connection with a motion, Kische later filed

---

[6] Despite the court's leave, the court strongly encourages the parties to resolve their disputes without seeking the court's intervention. The court has already expended significant resources dealing with this matter. The court further notes that it will not extend the discovery motions deadline, any other pretrial deadline, or the trial date.

JD Stellar business records, which Defendants now contend they inadvertently disclosed during the June 16, 2017, pickup. (*See* Defs. Statement at 4.) Because the records were originals of which Defendants have no copies, Defendants' counsel does not know how many records were disclosed or the precise nature of those records.

On this record, the court finds that the disclosure was not inadvertent.[7] *Cf. Sierra Pac. Indus. v. Am. States Ins. Co.*, No. CIV 2:11-cv-0346-MCE-JFM, 2012 WL 117132, at *2 (E.D. Cal. Jan. 13, 2012) (stating that "any concerns regarding inadvertent disclosure of confidential and sensitive material may be addressed by the entry of protective order" and "the relatively remote potential for inadvertent disclosure of confidential documents does not justify withholding of discovery altogether"). Moreover, Defendants waited over four months to raise the issue. Because the documents are JD Stellar's original business records, however, the court orders Kische to make copies of the records and return the originals to JD Stellar no later than the discovery cutoff. Defendants will bear the cost of copying and returning the records.

**C.  Appointment of a Special Master**

Finally, Kische requests that the court appoint a special master "[i]n light of [Kische's] extraordinary efforts . . . , Defendants' willful refusal to provide discovery, . . . the complexity of the case[,] and [the] impending deadline." (Pl. Statement at 4.) This case does not warrant appointing a special master to oversee discovery because the matters involved are not overly complex, Defendants have already

---

[7] At the discovery conference, Defendants' counsel could not point to a clawback provision governing the business records.

produced a significant amount of discovery, and the case has been pending since February 2016 and is set for trial on April 9, 2018. *See Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 560 (N.D. Cal. 1987) ("[S]pecial masters are to be used sparingly and only where the use of the court's time is not justified."); Fed. R. Civ. P. 53 (governing the appointment of special masters); (SAC ¶¶ 5.1-12.4; Defs. Statement at 2 (stating that Defendants have produced over 4,000 pages of written discovery); Sched. Order at 1.) The court therefore denies Kische's request.

## IV. CONCLUSION

For the foregoing reasons, the court LIMITS the scope of Kische's RFP No. 1, GRANTS the parties leave to file appropriate discovery motions before the November 11, 2017, deadline, ORDERS Kische to make copies of JD Stellar's business records and return the originals to JD Stellar no later than the discovery cutoff, and DENIES Kische's request for a special master.

Dated this 2nd day of November, 2017.

JAMES L. ROBART
United States District Judge