The Honorable James L. Robart

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

| | |
|---|---|
| KISCHE USA LLC, a Washington limited liability company,<br><br>                                  Plaintiff,<br><br>v.<br><br>ALI SIMSEK and JANE DOE SIMSEK, husband and wife, and the marital community composed thereof; DIANE WALKER and JOHN DOE WALKER husband and wife, and the marital community composed thereof; JD STELLAR LLC, a Washington limited liability company;<br><br>                                  Defendants. | No.: 2:16-cv-00168-JLR<br><br>**STIPULATED PROTECTIVE ORDER FOR THE TJX COMPANIES, INC.**<br><br>**Noting Date: December 1, 2017** |

11
12
13
14
15
16
17
18
19
20

1.    <u>PURPOSES AND LIMITATIONS</u>

21

Discovery in this action is likely to involve production of confidential, proprietary, or

22

private information for which special protection may be warranted. Accordingly, the parties hereby

23

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

24

acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

25

protection on all disclosures or responses to discovery, the protection it affords from public

26

**STIPULATED PROTECTIVE ORDER - 1**
**Case No.: 2:16-cv-00168-JLR**

1   disclosure and use extends only to the limited information or items that are entitled to confidential

2   treatment under the applicable legal principles, and it does not presumptively entitle parties to file

3   confidential information under seal.

4   2.    "CONFIDENTIAL" MATERIAL

5        "Confidential" material shall include the following documents and tangible things

6   produced or otherwise exchanged:  Any materials, documents, images, and records, in whatever

7   form provided by The TJX Companies, Inc., in response to Plaintiff's subpoena attached hereto as

8   Exhibit B.

9   3.    SCOPE

10       The protections conferred by this agreement cover not only confidential material (as

11   defined above), but also (1) any information copied or extracted from confidential material; (2) all

12   copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

13   conversations, or presentations by parties or their counsel that might reveal confidential material.

14       However, the protections conferred by this agreement do not cover information that is in

15   the public domain or becomes part of the public domain through trial or otherwise.

16   4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

17       4.1    Basic Principles. A receiving party may use confidential material that is disclosed

18   or produced by another party or by a non-party in connection with this case only for prosecuting,

19   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

20   categories of persons and under the conditions described in this agreement. Confidential material

21   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

22   that access is limited to the persons authorized under this agreement.

23       4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

24   by the court or permitted in writing by the designating party, a receiving party may disclose any

25   confidential material only to:

26

STIPULATED PROTECTIVE ORDER - 2
Case No.: 2:16-cv-00168-JLR

1          (a)     the receiving party's counsel of record in this action, as well as employees

2   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

3          (b)     the officers, directors, and employees (including in house counsel) of the

4   receiving party to whom disclosure is reasonably necessary fojr this litigation, unless the parties

5   agree that a particular document or material produced is for Attorney's Eyes Only and is so

6   designated;

7          (c)     experts and consultants to whom disclosure is reasonably necessary for this

8   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (d)     the court, court personnel, and court reporters and their staff;

10          (e)     copy or imaging services retained by counsel to assist in the duplication of

11  confidential material, provided that counsel for the party retaining the copy or imaging service

12  instructs the service not to disclose any confidential material to third parties and to immediately

13  return all originals and copies of any confidential material;

14          (f)     during their depositions, witnesses in the action to whom disclosure is

15  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

16  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

17  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

18  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

19  under this agreement;

20          (g)     the author or recipient of a document containing the information or a

21  custodian or other person who otherwise possessed or knew the information.

22      4.3     Filing Confidential Material. Before filing confidential material or discussing or

23  referencing such material in court filings, the filing party shall confer with the designating party

24  to determine whether the designating party will remove the confidential designation, whether the

25  document can be redacted, or whether a motion to seal or stipulation and proposed order is

26

1    warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

2    that will be applied when a party seeks permission from the court to file material under seal.

3    5.      DESIGNATING PROTECTED MATERIAL

4           5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party

5    or non-party that designates information or items for protection under this agreement must take

6    care to limit any such designation to specific material that qualifies under the appropriate

7    standards. The designating party must designate for protection only those parts of material,

8    documents, items, or oral or written communications that qualify, so that other portions of the

9    material, documents, items, or communications for which protection is not warranted are not swept

10   unjustifiably within the ambit of this agreement.

11          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13   unnecessarily encumber or delay the case development process or to impose unnecessary expenses

14   and burdens on other parties) expose the designating party to sanctions.

15          If it comes to a designating party's attention that information or items that it designated for

16   protection do not qualify for protection, the designating party must promptly notify all other parties

17   that it is withdrawing the mistaken designation.

18          5.2     Manner and Timing of Designations. Except as otherwise provided in this

19   agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

20   ordered, disclosure or discovery material that qualifies for protection under this agreement must

21   be clearly so designated before or when the material is disclosed or produced.

22               (a)     Information in documentary form: (e.g., paper or electronic documents and

23   deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

24   the designating party must affix the word "CONFIDENTIAL" to each page that contains

25   confidential material. If only a portion or portions of the material on a page qualifies for protection,

26

STIPULATED PROTECTIVE ORDER - 4
Case No.: 2:16-cv-00168-JLR

1   the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

2   markings in the margins).

3          (b)    Testimony given in deposition or in other pretrial proceedings: the parties

4   and any participating non-parties must identify on the record, during the deposition or other pretrial

5   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

6   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

7   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

8   exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

9   at trial, the issue should be addressed during the pre-trial conference.

10         (c)    Other tangible items: the producing party must affix in a prominent place

11  on the exterior of the container or containers in which the information or item is stored the word

12  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

13  the producing party, to the extent practicable, shall identify the protected portion(s).

14     5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

15  designate qualified information or items does not, standing alone, waive the designating party's

16  right to secure protection under this agreement for such material. Upon timely correction of a

17  designation, the receiving party must make reasonable efforts to ensure that the material is treated

18  in accordance with the provisions of this agreement.

19  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20     6.1    Timing of Challenges. Any party or non-party may challenge a designation of

21  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

22  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

23  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

24  challenge a confidentiality designation by electing not to mount a challenge promptly after the

25  original designation is disclosed.

26

1    6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

2  regarding confidential designations without court involvement. Any motion regarding confidential

3  designations or for a protective order must include a certification, in the motion or in a declaration

4  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

5  affected parties in an effort to resolve the dispute without court action. The certification must list

6  the date, manner, and participants to the conference. A good faith effort to confer requires a face-

7  to-face meeting or a telephone conference.

8    6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

9  intervention, the designating party may file and serve a motion to retain confidentiality under Local

10  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

11  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

12  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

13  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

14  the material in question as confidential until the court rules on the challenge.

15  7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

16  LITIGATION

17    If a party is served with a subpoena or a court order issued in other litigation that compels

18  disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

19  must:

20    (a)    promptly notify the designating party in writing and include a copy of the

21  subpoena or court order;

22    (b)    promptly notify in writing the party who caused the subpoena or order to

23  issue in the other litigation that some or all of the material covered by the subpoena or order is

24  subject to this agreement. Such notification shall include a copy of this agreement; and

25    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

26  the designating party whose confidential material may be affected.

**STIPULATED PROTECTIVE ORDER - 6**
**Case No.:  2:16-cv-00168-JLR**

1  8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2         If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

3  material to any person or in any circumstance not authorized under this agreement, the receiving

4  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

5  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

6  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

7  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

8  Bound" that is attached hereto as Exhibit A.

9  9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

10 MATERIAL

11        When a producing party gives notice to receiving parties that certain inadvertently

12 produced material is subject to a claim of privilege or other protection, the obligations of the

13 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

14 is not intended to modify whatever procedure may be established in an e-discovery order or

15 agreement that provides for production without prior privilege review. The parties  agree to the

16 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

17 10.   NON TERMINATION AND RETURN OF DOCUMENTS

18        Within 60 days after the termination of this action, including all appeals, each receiving

19 party must return all confidential material to the producing party, including all copies, extracts and

20 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

21        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

22 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

23 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

24 product, even if such materials contain confidential material.

25        The confidentiality obligations imposed by this agreement shall remain in effect until a

26 designating party agrees otherwise in writing or a court orders otherwise.

**STIPULATED PROTECTIVE ORDER - 7**
Case No.: 2:16-cv-00168-JLR

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED: ~~November~~ December 1, 2017          BADGLEY MULLINS TURNER PLLC

3
                                                 Donald H. Mullins, WSBA No. 4966
4                                                Wesley G. Forman, WSBA No. 44269
                                                 19929 Ballinger Way NE, Suite 200
5                                                Seattle, WA 98155
                                                 Telephone:  206-621-6566
6                                                Email: dmullins@badgleymullins.com
7                                                Email: wforman@badgleymullins.com
                                                 Attorney for Defendants, Simsek, Walker, and
8                                                JD Stellar LLC

9   DATED: November 30, 2017                     DUBS ARI TANNER HERSCHLIP, PLLC

10
                                                 Dubs A. T. Herschlip, WSBA No. 31652
11                                               627 5th St Ste 203
12                                               Mukilteo, WA 98275-1580
                                                 Telephone:  425-903-3505
13                                               Email: dubs@mukilteolawfirm.com
                                                 Attorney for Plaintiff, Kische USA LLC
14
    PURSUANT TO STIPULATION, IT IS SO ORDERED
15
16        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

17  documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

18  in any other court, constitute a waiver by the producing party of any privilege applicable to those

19  documents, including the attorney-client privilege, attorney work-product protection, or any other

20  privilege or protection recognized by law.

21  DATED: 4 December 2017

22
23
24
25                                               The Honorable Judge James Robart
                                                 United States District Court Judge
26

STIPULATED PROTECTIVE ORDER - 8
Case No.: 2:16-cv-00168-JLR

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on _____ in the

7    case of Kische USA LLC v. Simsek et al., I agree to comply with and to be bound by all the terms

8    of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

9    could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

10   will not disclose in any manner any information or item that is subject to this Stipulated Protective

11   Order to any person or entity except in strict compliance with the provisions of this Order.

12        I further agree to submit to the jurisdiction of the United States District Court for the

13   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

14   Order, even if such enforcement proceedings occur after termination of this action.

15

16   Date: _____

17   City and State where sworn and signed: _____

18

19   Printed name: _____

20

21   Signature: _____

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 9
Case No.: 2:16-cv-00168-JLR

# EXHIBIT B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

## UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | | |
|---|---|---|
| Kische USA LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:16-cv-00168-JLR |
| Simsek et al | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        The TJX Companies, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Any knowledge, information, or records regarding the business of Kische USA LLC.

| Place: NAEGELI DEPOSITION & TRIAL<br>601 Union St, Suite 1624<br>Seattle, WA 98101; out of state residents by phone | Date and Time:<br>12/11/2017 10:00 am |
|---|---|

The deposition will be recorded by this method:   Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/08/2017

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Dubs Herschlip* WSBA#36152 |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff, Kische USA LLC
_____ , who issues or requests this subpoena, are:
Dubs A. T. Herschlip. 627 - 5th St, Ste 203, Mukilteo, WA 98275. dubs@mukilteolawfirm.com.  425-903-3505 x 101.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:16-cv-00168-JLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Please refer to the attached INSTRUCTIONS and DEFINITIONS sections in responding to each request for production of documents so your responses will be complete.

## INSTRUCTIONS

1.      These instructions and definitions are intended to supplement the instructions attached to your subpoena in accordance with Fed. R. Civ. P 45(c) and (d).

2.      These discovery demands require you to search for and produce any paper documents or electronically stored information, including but not limited to: any electronic mail, work processing documents, spreadsheets, databases, calendars, text messages, instant messages, Internet usage files, social media usage, network access information or any other electronically stored information on any past or present operating systems and on any application software, in accordance with Fed. R. Civ. P. 45(a)(1)(A)(iii).

3.      Electronically stored information shall be electronically produced in the native form or forms in which it is ordinarily maintained and shall include metadata.

4.      With regard to documents in the form of emails, including attachments, produce the emails in their native format. For your information, they are typically denoted as "pst" files (e.g. digital versions of your emails from Microsoft Office Outlook (or similar) email programs). Specifically, the processing specifications required for native documents are as follows:

      a.  Extracted text and metadata fields, including all custodian, author, recipient, date, and time fields;

      b.  Process emails in MSG format;

      c.  Process any NSF (Lotus Notes) files in HTM format;

      d.  Process any MS PowerPoint files to include speaker notes; and

      e.  All embedded objects are to be extracted and processed.

5.      For all purposes herein, any work written in the singular herein shall be construed as plural or vice versa when necessary to bring within the scope of the request all responses that otherwise might be construed as outside its scope.

6.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to their context.

## DEFINITIONS

1.      The terms "you" and "your" mean or refer to you and all representatives acting on your behalf.

2.      The term "Defendants" shall collectively refer to all Defendants, Ali Simsek, Jane Doe Simsek, Diane Walker, John Doe Walker, JD Stellar LLC, who are a party to this suit as well as their officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, and/or all other persons acting on their behalf.

3.      "Plaintiff" shall refer to Kische USA LLC as well as their agents and/or representatives.

4.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquires or otherwise).

5.      The terms "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stores information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. By way of example and not of limitation, "document" includes the original and any type or description, including, but not limited to, the original and any copy, or any email communication, text messaging communication, instant messaging communication, planners, calendars and diaries, schedules, books, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences, magazine, booklet, circular, bulletin, instruction, minute, other communication (including inter-office or intra-office communications), purchase orders, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced (and all alterations, modifications, changes and amendments of any of the foregoing), to which the party responding has or has had access.

6.      The terms "Plaintiff" and "Defendant(s)" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, experts, investigators, or other persons acting or purporting to act on the party's behalf.

7.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

10.     "Relating to" and "related to" mean, without limitation, concerning, constituting, mentioning, referring, to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

11.     The terms "agreements" shall be construed in its broadest sense and shall be defined to include without limitation an understanding or consent (oral, written, or otherwise conveyed) between/among two or more parties regarding their respective right and obligations with respect to a specific subject or thing.

12.     The term "all documents" means every document, as defined herein, which can be located, discovered, or obtained by reasonably diligent efforts, including without limitation all documents possessed by or within the custody or control of: (a) you or your counsel; or (b) any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring within your possession by demand.

13.     The term "electronically stored information" or "ESI" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

14.     The term "Electronic file" includes, but it not limited to, the following: voicemail messages and files, email messages and files; deleted files; temporary files; system-history files, Internet or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata; etc. Unless otherwise defined, each example used to illustrate the terms electronic file will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management* (Third Edition)(2010).

15.     "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management* (Third Edition)(2010).

16.     "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as cloud storage, hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g. SIM cards), cell phones, smart phones, personal digital assistant (i.e. PDAs), and other similar devices. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management* (Third Edition)(2010).

17.     The term "representative" means any person acting on behalf of the person, person, entity, or entities referred to in a particular request, including past or present officers, directors, employees, agents, managers, representatives, spouses, advisors, attorneys, advisors, investigators, or insurance companies.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.  All communications, including emails, between you and Defendants Ali Simsek, Diane Walker, or any representative of Kische USA LLC, related to your business dealings with Kische USA LLC.

2.  All communication, including emails, between you and Defendants Ali Simsek, Diane Walker, or any representative of JD Stellar LLC, related to your business dealings with JD Stellar LLC.

3.  All agreements, invoices, purchase orders, payments, and contracts between you and Kische USA LLC.

4.  All agreements, invoices, purchase orders, payments, and contracts between you and JD Stellar LLC.

5.  All reports or summaries of sales data, payments, or any form of transactions between you and Kische USA LLC.

6.  All reports or summaries of sales data, payments, or any form of transactions between you and JD Stellar LLC.

7.  All employee records regarding Diane Ruth Walker.